# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON C. SMITH-COUSINS,<br><br>   Plaintiff,<br>v.<br>CRAMBINE LUCCIL,<br><br>   Defendant. | Case No.: 17cv0848-MMA (JLB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**DENYING MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 3] |

On April 26, 2017, Plaintiff Jonathon C. Smith-Cousins filed this action, and simultaneously filed a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. *See* Doc. Nos. 1, 2, 3.

## DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-

handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Plaintiff does not provide sufficient information for the Court to determine whether he should be granted IFP status. For example, Plaintiff provides contradictory responses regarding his monthly income, stating both that he has no monthly income and also that he receives $984.00 in monthly disability payments. Similarly, Plaintiff indicates that he pays $75.00 per month for motor vehicle insurance, but lists his monthly expenses as $0.00. Further, Plaintiff does not provide the value of the car that he lists as an asset, nor does he respond to Question 12 by identifying the city and state where he resides. Plaintiff must answer every question listed on the IFP application form.

Based on the foregoing, the Court concludes it lacks sufficient information to determine whether or not it is outside of Plaintiff's means to pay the costs of commencing this action. Accordingly, the Court **DENIES** without prejudice Plaintiff's motion to proceed IFP. Doc. No. 2; *see* Civ. L.R. 3.2. Within **fourteen days** of the date of this Order, Plaintiff shall either: (a) pay the requisite $400 filing fee, or (b) file a renewed motion for IFP containing the requisite information regarding his ability to pay the costs of commencing this action. If Plaintiff fails to timely submit payment or a renewed motion for IFP, this case must be dismissed. Lastly, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice to Plaintiff refiling his motion. *See* Doc. No. 3.

**IT IS SO ORDERED.**

Date: May 2, 2017

Hon. Michael M. Anello
United States District Judge